<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOSE MANUEL SANTOS,                :
                                   :     Civil Action No. 05-5636 (KSH)
                Plaintiff,         :
                                   :
          v.                       :     **OPINION**
                                   :
PETER VASQUEZ, CHIEF               :
PRESIDING JUDGE, et al.,           :
                                   :
                Defendants.        :

**APPEARANCES:**

> JOSE MANUEL SANTOS, Plaintiff <u>pro</u> <u>se</u>
> #157122
> Hudson County Correction Center
> B-West
> 35 Hackensack Avenue
> Kearny, New Jersey 07032

**HAYDEN**, District Judge

Plaintiff Jose Manuel Santos ("Santos"), a pretrial detainee currently confined at the Hudson County Correction Center in Kearny, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and current absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Santos' application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons stated below, the Court finds that the Complaint should be dismissed.[1]

## I.   BACKGROUND

The following factual allegations are taken from Santos' Complaint and are accepted as true for purposes of this review.

Santos alleges that, on September 17, 2004, he was arrested on numerous charges, which he does not elaborate.  His bail was set at $200,000.00.  He contends that he and unnamed co-defendants in a state criminal proceeding are being portrayed as members of the "Latin Kings" gang, murderers and assassins. Santos claims that his right to due process is being violated because all of the bad press makes it difficult for him to have a fair trial.  He also alleges that his bail is excessive.

The following persons are named as defendants in the Complaint: Honorable Peter Vasquez, Chief Presiding Judge; Honorable Frederick Theemling, J.S.C.; Peter Harvey, Attorney

---

[1]   Santos also filed a motion for appointment of counsel (Docket Entry No. 4), which was denied on February 1, 2006. (Docket Entry No. 5).  On February 3, 2006, Santos filed a letter application or motion seeking to freeze all assets of the defendants.  (Docket Entry No. 6).  Because the Court is dismissing the Complaint, plaintiff's pending motion is rendered moot.

General of the State of New Jersey; Christopher Matthews, Deputy
Attorney General; and Jeffrey Mandel, Esq., attorney for
plaintiff in his state criminal proceeding.

Santos seeks only a dismissal of the state court criminal
indictment.  He does not seek damages from the named defendants.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-
134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),
requires a district court to review a complaint in a civil action
in which a prisoner is proceeding in forma pauperis or seeks
redress against a governmental employee or entity.  The Court is
required to identify cognizable claims and to sua sponte dismiss
any claim that is frivolous, malicious, fails to state a claim
upon which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief.  28 U.S.C. §§
1915(e)(2)(B) and 1915A.[2]

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the

_____

[2]   Santos should also be aware that the PLRA requires Courts
to determine whether a prisoner has, on three or more prior
occasions while incarcerated or detained in any facility, brought
an action or appeal in federal court that was dismissed as
frivolous, malicious, or for failure to state a claim upon which
relief may be granted.  If so, the prisoner is precluded from
bringing an action in forma pauperis unless he or she is under
imminent danger of serious physical injury.  28 U.S.C. § 1915(g).
It does not appear that Santos has filed any lawsuits which were
dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, at
this time.

3

plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading

4

requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Santos does not expressly state that he is bringing this action under 42 U.S.C. § 1983; however, he does allege violations of his civil rights guaranteed under the United States Constitution, namely that his bail is excessive in violation of the Eighth Amendment, and that he is being denied his right to due process as guaranteed under the Fourteenth Amendment. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

A.  Judicial Immunity

The first named defendants are Chief Judge Vasquez and Judge Theemling.  It would appear that plaintiff takes issue with the bail set by the state court (although the Complaint does not identify which judge set bail for plaintiff), and the manner in which his state criminal trial is proceeding.

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit under the doctrine of judicial immunity. See Mireless v. Waco, 502 U.S. 9 (1991).  "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Id., 502 U.S. at 11 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction
> are not liable to civil actions for their judicial acts,
> even when such acts are in excess of their jurisdiction,
> and are alleged to have been done maliciously or corruptly.

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Pierson
v. Ray, 386 U.S. 547, 554 (1967).  Thus, judicial immunity can be
overcome only for actions not taken in a judicial capacity, id.,
or for actions taken in a complete absence of all jurisdiction.
Mireless, 502 U.S. at 11-12.  Allegations that actions were
undertaken with an improper motive diminishes neither their
character as judicial actions nor the judge's immunity.  See
Forrester v. White, 484 U.S. 219, 227 (1988).

Here, Santos makes only general allegations against the
named judges with respect to bail.  He also fails to specify how
his right to due process is being violated by these defendants.
Thus, the Complaint states no factual allegations that would
support an assertion that the judges acted beyond the scope of
their judicial authority.  Santos further fails to allege any
facts to show that the judges acted in the complete absence of
all jurisdiction.  Therefore, Chief Judge Vasquez and Judge
Theemling are absolutely immune from liability on the bald claims
asserted by plaintiff in his Complaint, and the Complaint will be
dismissed with prejudice accordingly, pursuant to 28 U.S.C. §§
1915(e)(2)(B)(iii) and 1915A(b)(2).

B.   Prosecutorial Immunity

Santos also states a claim against defendants Peter Harvey
and Christopher Matthews as the state attorneys prosecuting
state criminal proceedings against him.

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410 (1976). <u>See also</u> <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1465 (3d Cir. 1992); <u>Schrob v. Catterson</u>, 948 F.2d 1402, 1417 (3d Cir. 1991); <u>Rose v. Bartle</u>, 871 F.2d 331, 345 and n.12 (3d Cir. 1989). A prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity. <u>Burns v. Reed</u>, 500 U.S. 478, 492 (1991). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993).

Prosecutors also are absolutely immune from a civil suit for damages under § 1983 for: (1) instituting grand jury proceedings without proper investigation and without a good faith belief that any wrongdoing occurred, <u>Schrob</u>, 948 F.2d at 1411; <u>Rose v. Bartle</u>, <u>supra</u>; (2) initiating a prosecution without a good faith belief that any wrongdoing has occurred, <u>Kulwicki</u>, 969 F.2d at 1463-64; (3) soliciting false testimony from witnesses in grand jury proceedings, probable cause hearings, and trials, <u>Burns</u>, 500 U.S. at 490; <u>Kulwicki</u>, 969 F.2d at 1467; and (4) the knowing use

8

of perjured testimony in a judicial proceeding, Imbler, 424 U.S. at 424-27; Schrob, 948 F.2d at 1417; Brawer v. Horowitz, 535 F.2d 830 (3d Cir. 1976).

Thus, a prosecutor is absolutely immune when making a decision to prosecute, "even where he acts without a good faith belief that a wrongdoing has occurred." Kulwicki, 969 F.2d at 1463-64; Rose, 871 F.2d at 343. In this regard, a falsely-charged defendant may be "remedied by safeguards built into the judicial system," such as dismissal of the charges. Kulwicki, 969 F.2d at 1464.

Here, Santos essentially alleges that state criminal proceedings are being conducted with prejudice against him. Santos does not assert specific conduct as against these state attorneys other than a broad and general claim that plaintiff was receiving bad publicity. There are no allegations that these defendants actually disseminated information to the press. There is nothing to show that the defendants were acting outside their official prosecutorial role. Thus, these defendants are protected by immunity from a damages lawsuit for conduct during pre-trial and trial proceedings, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

Moreover, any claim that Santos here raises of prosecutorial misconduct, which he asserts as a challenge to the state criminal charges against him in an effort to have the state charges

dismissed, must be raised in Santos' pending criminal proceedings in state court; a federal court generally will not intercede to consider issues that Santos has an opportunity to raise before the state court.  Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here, Santos is admittedly a pre-trial detainee awaiting trial; thus state proceedings implicating important state interests are ongoing and Santos has the opportunity to raise his claims in that proceeding.  Therefore, this Court is constrained by Younger to dismiss the Complaint against the state attorneys.

Further, if Santos is eventually convicted of the alleged charges in his now-pending state criminal trial, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a

federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claims of prosecutorial misconduct or denial of due process.  Preiser v. Rodriguez, 411 U.S. 475 (1973).

C.   Claim Against Attorney Mandel

It is not clear from the Complaint whether Mr. Mandel was court-appointed counsel for plaintiff or a privately retained attorney.  In either event, this defendant is not subject to liability under § 1983 because he is not a state actor.  A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

However, even if Santos had pleaded facts establishing that Mr. Mandel was acting under color of state law, his very general claim appears to allege nothing more than a violation of his right to effective assistance of counsel.  Such a claim must

11

first be raised in Santos' pending state criminal case; a federal court generally will not intercede to consider issues that Santos has an opportunity to raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).

Moreover, to the extent that Santos' criminal trial is no longer pending, and he has been convicted and sentenced on the state criminal indictment, any claim of ineffective assistance of counsel[3] in this regard must first be exhausted via state court remedies, i.e., by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  There is nothing alleged in the Complaint to indicate that Santos has been

------

[3]  The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel in his defense."  U.S. Const. amend. VI. Without access to counsel, a criminal defendant cannot be guaranteed a fair trial.  "The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled."  Strickland v. Washington, 466 U.S. 668, 685 (1984) (citation omitted).

If a criminal defendant is not represented by counsel at trial or in critical pretrial proceedings and has not competently and intelligently waived his right to counsel, "the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty."  Johnson v. Zerbst, 304 U.S. 458, 468 (1938); see also United States v. Cronic, 466 U.S. 648, 654 (1984) (holding that if a defendant has no representation of any kind, his conviction is per se invalid).

convicted and sentenced on the challenged state court indictment, or that he has appealed a conviction or sentence to the New Jersey Appellate Division and exhausted his state court remedies.

Therefore, because defendant Mandel was not acting under color of state law when representing Santos, and because any claim of ineffective assistance of counsel must be asserted under a federal habeas petition after Santos has exhausted his state court remedies, this Complaint asserting liability under § 1983 should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

D.   Complaint Seeks Relief Not Cognizable in § 1983 Action

Finally, the Complaint is subject to dismissal because Santos seeks only the dismissal of his state court indictment, which relief is not cognizable in a civil rights complaint under § 1983.  His claims against the state attorneys and his own attorney, in which he directly challenges his indictment or the manner in which he is being prosecuted in state court, are not cognizable under § 1983, but instead, should be raised in his pending state criminal case.  See Younger, 401 U.S. 37.  Santos has not demonstrated any grounds to support intervention by this federal court in the state court matters he raises.  Accordingly, this Court is constrained by Younger to dismiss the Complaint for injunctive relief without prejudice.

13

V.   <u>CONCLUSION</u>

For all of the reasons set forth above, the Complaint must be dismissed in its entirety as against all defendants, for failure to state a cognizable claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and because defendants, Chief Judge Vasquez, Judge Theemling, Peter Harvey, and Christopher Matthews, are protected by immunity, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).   Plaintiff's motion to freeze the assets of the defendants (Docket Entry No. 6) will be dismissed as moot.   An appropriate Order follows.


/s/ Katharine S. Hayden

_____

KATHARINE S. HAYDEN
United States District Judge

Dated: February 17, 2006

14